IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-194 T

(Judge Margaret M. Sweeney)

_____

ADRIAN GLUCK & SUSAN GLUCK,

Plaintiffs

v.

THE UNITED STATES,

Defendant

_____

**DEFENDANT'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

_____

Defendant, the United States, respectfully moves the Court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss the complaint for lack of subject matter jurisdiction because (1) Plaintiffs have not fully paid the taxes at issue; and (2) the Court does not have jurisdiction to order the abatement of federal income taxes.

STATEMENT

In their complaint, filed March 20, 2008, Plaintiffs, Adrian and Susan Gluck, seek the "abatement of income taxes and interest," in the amount of $47,711.00 for the 1996 tax year.[1]

---

[1] Plaintiffs' complaint refers in two places to tax year "2006." (Complt. ¶ 5.) These references appear to be typographical errors with the intention of referring to the 1996 tax year. For example, the complaint states that "[t]he amount of the claim for adjustment to the Plaintiffs' tax for tax year 2006 . . . [was] $47,711. A copy of the amended income tax return . . . is attached to this Complaint and marked Exhibit A." (*Ibid.*) Exhibit A to Plaintiffs' complaint is an amended return for 1996, not 2006. Additionally, the complaint states that "on or before

(Comptl. ¶ 5.) Plaintiffs allege that they are entitled to a casualty loss deduction for the "loss of their personal residence due to mold contamination." (Complt. ¶ 5.)

Plaintiffs filed their joint federal income tax return for 1996 on April 24, 1999. (Declaration of Karen M. Groen (hereinafter "Groen Dec."), Ex. 1 at 4.) The return reported business income of $200,000; adjusted gross income of $198,729; taxable income of $175,601; and tax liability of $59,668. (Groen Dec., Ex. 2 at 9, 10.) The tax was not paid with the return. (Groen Dec., Ex. 1 at 4; Ex 2 at 10, l.62.) After minor adjustments, the IRS assessed $60,842.36 federal income tax for 1996, on May 31, 1999. (Groen Dec., Ex. 1 at 4.) Subsequently, interest and penalties totaling $43,577.96, were assessed for that year as well. (Groen Dec., Ex. 1 at 3-8.) In December of 2000, Plaintiffs filed a 1996 Form 1040X Amended Return, seeking an "increase in itemized deductions" based on their claim of a casualty loss deduction for the loss of their residence. (*See* Plt. Ex. A.) The Internal Revenue Service ("IRS") denied the Plaintiffs' claim on March 22, 2006. (*See* Plt. Ex. C.)

Plaintiffs do not allege in their complaint that they made any payment of tax for 1996. In fact, attached to their complaint, as Exhibit B, is their IRS Account Transcript for 1996, which shows that Plaintiffs did not make any tax payments for 1996 and that their account balance, as of March 19, 2008, for assessed tax, interest, and penalties was $104,420.32. The IRS Form 4340 Certificate of Assessments and Payments shows that as of March 31, 2008, Plaintiffs still had not made any payments toward their 1996 income tax liability. (Groen Dec., Ex. 1 at 3-8.)

---

December 7, 2000, the Plaintiffs filed an amended income tax return for tax year 2006." (*Ibid.*) Plaintiffs could not have filed a 2006 return in 2000 and in fact, filed an amended return for 1996 that year. (*See* Plt. Ex. A.)

ARGUMENT

1.  **The Court lacks subject matter jurisdiction over Plaintiffs' complaint because they have not fully paid the tax year at issue.**

This Court lacks subject matter jurisdiction over Plaintiffs' complaint because Plaintiffs have not paid all outstanding tax liabilities for the 1996 tax year. The Court of Federal Claims, together with United States district courts, has jurisdiction over tax refund suits. 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). The United States Supreme Court has interpreted the grant of tax refund jurisdiction to federal district courts under 28 U.S.C. § 1346(a)(1) as limited to suits where the taxpayer has fully paid all outstanding tax liabilities for the year in issue before initiating the lawsuit. *Flora v. United States*, 357 U.S. 63, 72–73 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960). The Court of Claims, predecessor to the Court of Federal Claims, extended the holding of *Flora*, which has come to be known as the full-payment rule, to tax refund suits brought under this Court's jurisdictional statute, 28 U.S.C. § 1491(a)(1). *Tonasket v. United States*, 218 Ct. Cl. 709, 712 (1978). Since *Tonasket*, the Court of Appeals for the Federal Circuit has routinely applied the full-payment rule to tax refund suits initiated in the Court of Federal Claims. *See, e.g.*, *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Rocovich v. United States*, 933 F.2d 991, 993–94 (Fed. Cir. 1991).

Here, Plaintiffs have not paid any of the tax assessed against them for the year 1996. The date on which full payment must have been made for purposes of testing jurisdiction is the date on which the complaint was filed. *See Rocovich*, 933 F.2d at 994 (looking to the date that the complaint was filed for purposes of applying the full-payment rule); *Abruzzo v. United States*, 24 Cl. Ct. 668, 673–74 (1991) (to the same effect); *see also Arrowhead Indus. Water, Inc. v.*

*Ecolochem, Inc.*, 846 F.2d 731, 734 n.2 (Fed. Cir. 1988) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed"). Plaintiffs' complaint does not contain any allegations that Plaintiffs paid the tax deficiencies assessed against them for the 1996 tax year. Moreover, the IRS's Certificates of Assessments and Payments, which constitute presumptive proof of valid tax assessments, *see Rocovich*, 933 F.2d at 994, show that Plaintiffs have an outstanding tax liability for the year 1996 in the amount of $60,842.36. (Groen Dec., Ex. 1 at 3-8.) Because Plaintiffs have not fully paid the tax assessed for the tax year at issue in this lawsuit, Plaintiffs have failed to satisfy the full-payment rule, and this Court lacks subject matter jurisdiction over the complaint.

    **2.    The Court lacks subject matter jurisdiction over Plaintiffs' complaint because Plaintiffs ask the Court to order an abatement of tax.**

The Court lacks subject matter jurisdiction over Plaintiffs' complaint because it requests the Court to order an abatement of tax. A claim for abatement "is one for declaratory judgment or injunctive relief against the IRS for which this [C]ourt has no jurisdiction." *Forsythe v. United States*, 214 Ct. Cl. 748 (1977); *see Abruzzo*, 24 Cl. Ct. at 675 n.9 (1991) ("The [C]ourt lacks jurisdiction to consider a claim that an amount should be abated."); *c.f. Bonin v. United States*, No. 04-1274T (Fed. Cl. 2005) (holding that the Court does not have jurisdiction to enjoin IRS collection activities); *Fuselier v. United States*, No. 03-1750T (Fed. Cl. 2003) (to the same effect); *Joslin v. United States*, No. 99-315T (Fed. Cl. 1999) ("Our tax jurisdiction is limited, insofar as relevant here, to claims for refund of taxes paid.").[2] Nowhere in Plaintiffs' complaint

---

[2]*See also Artuso v. United States*, 80 Fed. Cl. 336, 338 n.1 (2008) ("In this [C]ourt, the exceptions to this jurisdictional limitation to hearing only refund suits consist principally of cases

do they state they seek a refund of tax. Nor could they, since they have paid no tax for 1996. Rather, Plaintiffs state they seek "the abatement of income taxes and interest," (Complt. ¶ 3.) and therefore, the Court lacks jurisdiction over the complaint.

CONCLUSION

For the reasons set forth above, the Court should dismiss the complaint for lack of subject matter jurisdiction.

---

filed under 28 U.S.C. §1507 (grant of jurisdiction to hear declaratory judgment actions under 26 U.S.C. § 7428, which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and related provisions of the Internal Revenue Code); and under 28 U.S.C. 1508 (grant of jurisdiction over certain partnership proceedings under 26 U.S.C. §§ 6226 and 6228(a))."). In addition, the Court lacks jurisdiction to enjoin the assessment or collection of internal revenue taxes under the Anti-Injunction Act, 26 U.S.C. § 7241. *See Russell v. United States*, 78 Fed. Cl. 281, 289 (2007).

      Respectfully submitted,

       s/ Karen M. Groen
      KAREN M. GROEN
      Attorney of Record
      U.S. Department of Justice
      Tax Division
      Court of Federal Claims Section
      Post Office Box 26
      Ben Franklin Post Office
      Washington, D.C. 20044
      (202) 307-0508

      NATHAN J. HOCHMAN
      Assistant Attorney General
      DAVID GUSTAFSON
      Chief, Court of Federal Claims Section
      MARY M. ABATE
      Assistant Chief

       s/ Mary M. Abate
      Of Counsel

June 18, 2008