**IN THE UNITED STATES COURT OF FEDERAL COURT**
No. 08-194 T

**(Judge Margaret M. Sweeney)**

_____

**ADRIAN GLUCK & SUSAN GLUCK,**

**Plaintiffs**

v.

**THE UNITED STATES,**

**Defendant**

_____

**PLAINTIFFS' REPLY TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

Plaintiffs respectfully move the Court, pursuant to Rule 12(b) (1) of the Rules of the Court of Federal Claims ("RCFC"), to deny Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction because (1) Plaintiffs have not fully paid the taxes at issue; and (2) the Court does not have jurisdiction to order the abatement of federal income taxes. Plaintiffs maintain that the Court of Federal Claims possesses jurisdiction to entertain certain other classes of tax cases in additions to suits for refund.

**STATEMENT**

In their complaint, filed March 20, 2008, Plaintiffs, Adrian and Susan Gluck, seek the "abatement of income taxes and interest," in the amount of $47,711.00 for the 1996 tax year. Plaintiffs allege that they are entitled to a casualty loss deduction for the loss of their personal residence due to mold contamination." (Complt. 5.) In letter dated January 18, 2006, Plaintiffs were offered a Settlement by by Ms.Kris Bodner, Appeals Officer, Internal Revenue Service, Laguna Niguel, CA for a partial abatement of tax in the amount of $26 163 with partial decreases in the failure to file and the failure to pay penalties of $ 5 886.75 and $ 3 421.96 respectively ( a true copy of the letter dated January 18, 2006 is attached to the Notice of Disallowance in the Complaint and marked Plaintiffs' Exhibit C).

**ARGUMENT**

**THE COURT OF FEDERAL CLAIMS POSSESSES JURISDICTION TO ENTERTAIN CERTAIN OTHER TAX CASES IN ADDITION TO SUITS FOR REFUNDS.**

The Defendant maintains that this Court lacks subject matter jurisdiction over Plaintiffs' complaint because Plaintiffs have not paid all outstanding tax liabilities for the 1996 tax year and that this Court lacks subject matter jurisdiction over Plaintiffs complaint because it requests the Court to order an abatement of tax (Defendant's Motion to Dismiss.1.). The defendant maintains claim for abatement "is one for declaratory judgment or injunctive relief against the IRS for which this [C] court has no jurisdiction."

In the instant case, the Plaintiffs are filing a claim for abatement of taxes and interest. The Plaintiffs assert that the Court of Federal Claims possesses jurisdiction to hear this complaint. The Plaintiffs assert that the Court of Federal Claims possesses jurisdiction to entertain certain other classes of tax cases in addition to suits for refunds. The Court of Federal Claims possessed jurisdiction under 28 U.S.C. Paragraph 1507 to entertain declaratory judgments actions pursuant to Section 7428 of the Internal Revenue Code (26 U.S.C. Section 7428) in jeopardy levy or wrongful assessment cases and regarding the determination (or failure to determine) the initial or continuing qualification of an entity as a tax exempt charitable organization under Section 501 ©(3) of the Internal Revenue Code.(1) The Court of Federal Claims possesses jurisdiction under 28 U.S.C. Section 1508 to entertain cases for readjustment or for the adjustment of partnership items pursuant to Sections 6626 and 6228(a) of the Internal Revenue Code. (2).

---

(1)  The Court of Federal Claims has not adopted any procedural rules for processing these declaratory judgment proceedings but applied the practices and procedures of United States Tax Court for these types of cases to the extent practicable. *Church of the Visible Intelligence v. United States*, 4 Cl.Ct. 55,60 (1983).

(2)  Sections 6226, 6116(a) (1988).  The Court of Federal Claims has not adopted special rules for proceedings regarding partnership items.  The Court's general procedural rules apply to these proceedings and govern the captioning of pleadings and other procedural matters.  The periods of limitations for bringing such proceedings are set out in 26 U.S.C. Sections 6226 and 6228(a).  The filing of a complaint by a proper party within the specified time lijits is a jurisdictional requirement.  *Transpac Drilling Venture, 1983-63 et al. v. United States*, 16 F. 3d 383 (Fed.Cir. 1994).

Furthermore, the Court of Federal Claims exercises jurisdiction, pursuant to the Tucker Act to entertain certain narrow classes of tax claims (other than claims for refund of taxes paid), as, for example, claims for the allowance of interest on a tax refund, as compared to a refund of interest paid (3) or a suit under a contract made by the Internal Revenue Service to pay an informer's award (4).

---

(3) *Brown & Williamson, Ltd. V. United States, 231 Ct. Cl. 413, 688 F.2d 747 (1982).*

(4) *Merrick v. United States, 846 F.2d 725 (Fed. Cir. 1988).*

## CONCLUSION

For the reasons set forth above, the Court should set aside the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

                                                                 Respectfully submitted,

_s/Joyce Rebhun_____

**JOYCE REBHUN, JD,MBA,PhD**
Tax Court Bar No. RJ 0800
8500 Wilshire Boulevard, Suite 519
Beverly Hills, CA 90211
310-657-5883; 310-657-5140(facsimile);
Lawyer4Tax@aol.com

July 21, 2008