IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-194 T

(Judge Margaret M. Sweeney)

_____

ADRIAN GLUCK & SUSAN GLUCK,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

_____

**REPLY TO PLAINTIFFS' REPLY TO DEFENDANT'S MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

On June 18, 2008, defendant, the United States, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, grounded on the facts that (1) plaintiffs have not fully paid the taxes at issue; and (2) the Court lacks jurisdiction to order the abatement of federal income taxes. (Def. Mot. at 1.)   In their Reply in opposition to that motion, plaintiffs do not deny that they have not satisfied the "full-payment" rule, and they affirmatively acknowledge (at 2, 3) that the complaint seeks only the "abatement of taxes and interest."

Plaintiffs' opposition to defendant's motion to dismiss is based solely on their argument that this Court has jurisdiction over "certain other classes of tax cases in addition to suits for refunds"–*i.e.*, (1) declaratory judgments regarding classification of entities pursuant to 26 U.S.C. § 501(c)(3); (2) cases "for the adjustment of partnership items pursuant to [26 U.S.C. §§ 6626,

6228(a)];" (3) cases for the "allowance of interest on a tax refund," and (4) suits "under a contract made by the [IRS] to pay an informer's award." (Plt. Reply at 3-4.) Plaintiffs do not, however, contend that their case falls within any of these types of non-refund tax cases. Nor could they, since a request for the "abatement of income taxes and interest" clearly is not the subject of any of these types of cases.

As we demonstrated in our motion, the Court lacks jurisdiction over the complaint because it does not come within any of this Court's jurisdictional grants; nor do plaintiffs point to a specific jurisdictional grant that would give the Court jurisdiction in this case. "All federal courts are courts of limited jurisdiction, and it is the duty of a federal court to examine its jurisdiction over every claim before it assumes jurisdiction over the claim." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459 (Fed. Cir. 2006). The Court of Federal Claims, together with United States district courts, has jurisdiction over tax refund suits. 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). In fact, "A tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction." *Artuso v. United States*, 80 Fed. Cl. 336, 338 (2008); *Skillo v. United States*, 68 Fed. Cl. 734, 740 & n.11 (2005).

As plaintiffs correctly point out, Congress has also granted the Court jurisdiction over "cases filed under 28 U.S.C. §1507 (grant of jurisdiction to hear declaratory judgment actions under 26 U.S.C. § 7428, which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and related provisions of the Internal Revenue Code); and under 28 U.S.C. 1508 (grant of jurisdiction over certain partnership proceedings under 26 U.S.C. §§ 6226 and 6228(a))." *Artuso*, 80 Fed. Cl. at 338 n.1; *Skillo*, 68 Fed. Cl. 734, 740 n.11 ("This court also possesses jurisdiction over certain other types of tax-related claims, none of which are applicable to the

present case. *See* 28 U.S.C. §§ 1507 (declaratory judgment actions regarding the classification of an entity pursuant to 26 U.S.C. §§ 501(c)(3), 509, 4942(j)(3)) and 1508 (adjustment of partnership items); see also *Brown & Williamson Ltd. v. United States*, 231 Ct.Cl. 413, 688 F.2d 747, 748 (1982) (allowance of interest on tax refund).").[1] None of the other types of tax-related claims over which this Court has jurisdiction is applicable to the present case.

## CONCLUSION

For the reasons stated both in this reply and in the pending motion, the complaint should be dismissed for lack of subject-matter jurisdiction.

---

[1] Plaintiffs' (unsubstantiated) allegation (at 2) that the IRS Appeals Division offered a settlement to them is irrelevant to a determination of this Court's jurisdiction. Even if the Court had jurisdiction over this suit, any settlement proposals made by the IRS at the administrative level would still be irrelevant to the ultimate issue whether plaintiffs had overpaid their tax for the year in suit. It is well established that a "tax refund suit in the Court of Federal Claims 'is a *de novo* proceeding, in which the plaintiff bears the burden of proof' with respect to each and every element of its claim." *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 322 (1996) (citing *George E. Warren Corp. v. United States*, 141 F. Supp. 935, 940 (Ct. Cl. 1956)). "A tax refund suit is not a quasi appellate review of an administrative determination," *Hearst Corp. v. United States*, 28 Fed. Cl. 202, 230 (1993), *rev'd on other grounds*, 36 F.3d 1116 (Fed. Cir. 1994); and "no weight [is] given to subsidiary factual findings made by the [IRS] in its internal administrative proceedings." *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000) (citing *Sara Lee Corp. v United States*, 29 Fed. Cl. 330, 334 (1993)). (Additionally, we note that, under Rule 408 of the Federal Rules of Evidence, evidence of settlement negotiations is inadmissible.)

        Respectfully submitted,

        <u>  s/ Karen M. Groen                    </u>
        KAREN M. GROEN
        Attorney of Record
        U.S. Department of Justice
        Tax Division
        Court of Federal Claims Section
        Post Office Box 26
        Ben Franklin Post Office
        Washington, D.C. 20044
        (202) 307-0508

        NATHAN J. HOCHMAN
        Assistant Attorney General
        STEVEN I. FRAHM
        Acting Chief,
        Court of Federal Claims Section
        MARY M. ABATE
        Assistant Chief

        <u>  s/ Mary M. Abate                     </u>
        Of Counsel

August 7, 2008